# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID DRESSLER, individually and on behalf of similarly situated individuals,

Plaintiffs,

vs.

Case No. 09-1016-MLB-DWB

EARL W. SCHREIBER, individually and as president and chief executive officer of KANSAS COPTERS AND WINGS, INC.,

Defendants.

## MEMORANDUM AND ORDER

Defendants' Motion to Compel Discovery (Doc. 35) is currently before the Court. Plaintiffs have responded (Doc. 36) and Defendants have replied (Doc. 37). Having reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

The factual background of this Fair Labor Standards Act case was previously summarized in the District Court's December 7, 2009, Order on Defendants' Motion to Dismiss (which was converted in to a Motion for Summary Judgment by the District Court). (Doc. 26.) That factual summary is incorporated

1

herein by reference. The District Court denied Defendants' motion, finding that Defendants failed to establish that Plaintiff is exempt as a professional under the FLSA. The Court held that Defendants did not prove that Plaintiff performed work requiring advanced knowledge, that his job was in the "field of science or learning," and that his qualifications were "customarily acquired by a prolonged course of specialized intellectual instruction." (Doc. 26, at 4-7; *see also* 29 C.F.R. § 541.301.(a) - (d).) The Court also found that Defendants failed to establish that Plaintiff's position necessitated irregular work hours pursuant to the FLSA and that there was a genuine issue of material fact as to whether the training Plaintiff received from Defendants was a condition precedent to receiving his wages pursuant to the Kansas Wage Payment Act. (Doc. 26, at 7-10.)

Following this ruling from the District Court, Defendants served the discovery requests at issue on December 21, 2009. (Doc. 31.) Included therein where two interrogatories and two requests for production regarding Plaintiff Dressler's "attempts to seek employment by others both during and after his employment" with Defendant. (*See* Doc. 35, at 2; *see also,* Doc. 35-1, Interrogatories Nos. 10, 11, and Doc. 35-2, Requests for Production Nos. 3, 4.) Plaintiff's responses were served on January 12, 2010, which included his objections to these four discovery requests as irrelevant and seeking the disclosure

2

of confidential information. (Doc. 33; Doc. 35-1, Doc. 35-2.) Defendants have moved the Court for an Order compelling Plaintiff to respond to the discovery requests. (Doc. 35.)

## DISCUSSION

I. RELEVANCE.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of

relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean***, 2002 WL 1377729, at *2 (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D. Kan. 2000)).

    The discovery requests at issue relate to named Plaintiff Dressler's employment history and attempts to find work, both while employed by Defendant and after. Defendants argue Interrogatory No. 10 and Request No. 4 "are designed to determine whether Dressler has utilized his training by [Defendant] to secure other employment as a Robinson helicopter mechanic, and whether that employment was or has been on terms comparable to his employment by

4

[Defendant]." (Doc. 35, at 2.) They also argue that Interrogatory No. 11 and Request No. 3 "are intended to elicit, or lead to the discovery of, statements by Dressler to others describing the nature of his employment by [Defendant] and his duties as an A&P mechanic." (*Id*., at 2-3.) According to Defendants, this "would have a direct bearing on his eligibility for exemption from the overtime pay requirements of the FLSA, and can be used to contradict statements made to the Court in the Declaration he submitted in response to the defendants' Motion to Dismiss." (*Id*., at 3.) Finally, Defendants argue this information is relevant to Dressler's "right to claim liquidated damages under the FLSA" and "would establish the benefits of that training and justify deduction of its cost from his wages under the KWPA." (*Id*.)

Plaintiffs respond that Defendants arguments for disclosure of the information requested in Interrogatory No. 10 and Request No. 4 – regarding Plaintiff Dressler's employment history since working for Defendant – have "no bearing" on the issues FLSA or KWPA exemptions, "nor is such at issue in this kind of litigation." (Doc. 36, at 5.) Plaintiffs contend that the District Court already ruled on the potential exemptions under the FLSA and Defendants' right to withhold pay under the KWPA – and the District Court "rejected defendants' plainly inadequate showing." (*Id*., at 6.) In regard to the information sought in

Interrogatory No. 11 and Request No. 3 – Plaintiff Dressler's attempts to find employment while employed by Defendants until the present – Plaintiffs contend Defendants are in the best position to provide information regarding Dressler's job duties, yet they failed to contradict his declaration. (*Id.*) Plaintiffs continue that Dressler's subsequent employment history has no bearing on his liquidated damages claim. (*Id.*, at 8.) Finally, Plaintiffs contend that even though Dressler received a benefit from the training Defendants provided him, this is irrelevant to Defendants' burden to establish that withholding his wages conforms with the KWPA. (*Id.*)

Defendants reply that the District Court's denial of their dispositive motion does not equate to "render[ing] judgment in Dressler's favor, thereby precluding any discovery as to the issues the Court purportedly decided." (Doc. 37, at 1.) Defendants also criticize Plaintiffs' position that Defendants are "not entitled to further discovery because [they] failed to show facts sufficient to establish [their] various defenses in connection with" their dispositive motion. (*Id.*) Defendants characterize Plaintiff's arguments as "circular," and point out that the District Court's Order denying the dispositive motion "referred the case to the magistrate for further discovery in preparation for trial." (*Id.*, at 1-2; *see also*, Doc. 26, at 11.)

After considering the arguments of the parties and reviewing the ruling by the District Court on the previous dispositive motion, the court believes that in this case the relevancy of the requests at issue are not apparent on their face, therefore the burden of establishing the relevancy falls on the Defendant.

The Court agrees with Defendants' argument that simply because the District Court denied summary judgment does not mean the issues involved are irrelevant to the case. To the contrary, in many cases this typically means that genuine issues of material fact remain which should be addressed through discovery and ultimately through trial. The Court does agree with Plaintiff's general contention that the District Court "rejected defendants' plainly inadequate showing" regarding Dressler's potential exemptions under the FLSA and Defendants' right to withhold pay under the KWPA. (*See* Doc. 36, at 6.) Even so, the District Court did not find all of the issues of exemptions, withholding wages, and/or conditions precedent to be irrelevant to this case.

Therefore, although the District Court denied Defendants' dispositive motion, this does not necessarily close the door on all of the underlying issues presented in Defendants' motion to dismiss. Instead, the court must review each of the claimed bases for relevance as it pertains to each of the legal claims in the case.

    A.    <u>The FLSA Claims and Defense.</u>

*1. Professional Exemption.*

As to this claimed defense, the District Court merely found that Defendants failed to establish and/or failed to provide evidence to support the applicability of the FLSA professional exemption and the necessity of irregular working hours. (Doc. 26, at 3-7.) The District Court identified the three elements necessary to establish the professional exemption and noted that this inquiry is intensely fact bound and case specific. (Doc. 26, at 4.)

As to the first element, whether plaintiff had to perform work requiring advanced knowledge and had exercised discretion and judgment, the District Court specifically noted that "[a]t best, the nature of plaintiff's work presents a question of fact." (Doc 26, at 5.)

As to the second element, whether the advanced knowledge was in a field of science or learning, the District Court stated that it had no particular knowledge of what is required to be an A&P mechanic, that Defendants' memorandum was bare of arguments that would show that the job falls into the traditional professions listed in the applicable regulations, and therefor Defendants had failed in their burden of proof. (Doc. 26, at 5-6.)

As to the third element, whether the advanced knowledge must customarily be acquired by a prolong course of specialized intellectual instruction, the District

Court held that "defendants have not provided the court with any other evidence sufficient for the court to make a determination of how an individual gains FAA certification to be an A&P mechanic."

Thus, it appears that as to this specific exemption, the denial of the motion was based on lack of evidence to support each element. That does not mean, however, that Defendants are forever precluded from attempting to come forward with such evidence through discovery and for presentation at trial. Normally, the court would expect that such evidence would come from some source other than the Plaintiff, i.e., from Defendants themselves or from other sources such as training institutions who train persons to become A&P mechanics, or even possibly through some expert testimony. Although the relevance of the information sought by Plaintiff in the discovery requests at issue in this motion to any of the above three elements is tenuous, the court cannot conclude that this information completely lacks relevance for the purpose of discovery.

    2.  *Irregular Hours.*

As to this defense, the issue of relevancy is more difficult. It is possible that the requested information might reveal evidence relevant to one of the required elements of the defense, i.e., whether the duties of the employee necessitate irregular hours of work. Again, however, it would appear that this evidence should

9

come from Defendants since they, as Plaintiff's employer, are familiar with the nature and duties of Plaintiff's job. Also, even if the evidence is relevant on this element, Defendants still face the fact that the District Court found that the parties' contract did not specify a rate of pay for the first forty hours and the rate for the hours worked in excess of forty. (Doc. 26, at 7.) This is not a finding of lack of evidence to support the defense; it is a finding that a written agreement fails to meet the requirements to establish the defense. The court therefore concludes that the requested information is not relevant to this specific defense.

B. KWPA Claim.

In regard to Plaintiffs' KWPA claim, the District Court outlined the specific elements of proof which must be met. The District Court specifically held that Defendants could not meet the requirements of the relevant regulation since that regulation did not specifically allow authorized deductions from pay that relate to training. (Doc. 26, at 9-10.) Therefore the requested information could not be relevant to this specific element.

The District Court then noted that Defendants alternatively contended that the requirement that Plaintiff be employed by KC&W for three years was a condition precedent to the payment of wages. (Doc. 26, at 10.) The District Court concluded however, that Defendants failed to provide any evidence regarding the

training and the subsequent deductions from Plaintiffs' wages. Therefore, the District Court found that "there is a genuine issue of material fact as to whether the training was a condition precedent to receiving plaintiff's wages." (Doc. 26, at 10.) As to this element, the information requested by Defendants' discovery requests cannot be said to be absolutely irrelevant since it is possible that the information requested might bear on the issue of training and whether it was a condition precedent of employment. Defendants should be allowed to explore through discovery the nature and extent of this training – and how Dressler may have characterized it to other potential employers.

    C.    <u>Liquidated Damages.</u>

Defendants contend information regarding Dressler's employment history since working for Defendant (Interrogatory No. 10 and Request No.4) and his attempts to find employment while employed by Defendants until the present (Interrogatory No. 11 and Request No. 3) are relevant to determining whether the training he received assisted him in finding subsequent employment. According to Defendants, if Dressler was able to find "comparable employment elsewhere without additional training or education, his exemption from overtime pay in later occupations could have a bearing upon the reasonableness of the determination by [Defendants] that he was exempt from overtime pay" during his employment with

11

Defendants. (Doc. 37, at 2.)

Defendants argue this information is relevant to determining whether they acted in good faith by withholding overtime, thus potentially allowing a court to employ its discretion to not award liquidated damages, pursuant to 29 U.S.C. § 260. (Doc. 37, at 2.)

> Under 29 U.S.C. § 216(b), an employer who violates the FLSA shall be liable to the employee for overtime compensation and an additional equal amount as liquidated damages. The purpose for the award of liquidated damages is 'the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages.' ***Laffey v. Northwest Airlines, Inc.***, 567 F.2d 429, 463 (D.C. Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), *citing* ***Overnight Motor Transp. Co. v. Missel***, 316 U.S. 572, 583-84, 62 S.Ct. 1216, 1222-23, 86 L.Ed. 1682 (1942). Under 29 U.S.C. § 260, if in any action to recover unpaid overtime compensation an employer 'shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA,' the court may refuse to award liquidated damages.

***Renfro v. City of Emporia, Kan.***, 948 F.2d 1529, 1540 (10th Cir. 1991). The Court is not convinced by this argument. The good faith of Defendant is to be determined as of the time Defendant undertook the actions which allegedly violated the FLSA. To now suggest that events which occurred subsequently

somehow can retroactively apply to a finding of good faith stretches the Court's imagination.

D. Conclusion concerning relevance.

The court has concluded that there remains a "possibility the information sought may be relevant to the subject matter of the action." ***MCI Telecomm.***, 137 F.R.D. at 27. This is true even though the court does not believe that the requested information is relevant to <u>all</u> the claims in the case for the reasons outlined above. Thus, because the Court finds that Defendants has met their burden of showing that Defendants' discovery requests are relevant as to <u>some</u> issues in the case, Plaintiff should be required to respond to these requests.

II. CONFIDENTIALITY.

Having found the discovery requests meet the low threshold of relevance for purposes of discovery, the Court's analysis now turns to Plaintiffs' remaining objection – that the information requested "is confidential in the context of this lawsuit and the legal claims asserted." (Doc. 35-1, at 1-2; Doc. 35-2, at 1-2.)

> When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable.

***Sonnino v. Univ. of Kan. Hosp. Auth.***, 221 F.R.D. 661, 670-71 (D.Kan.2004); *see*

13

*also,* ***Allianz Ins. Co. v. Surface Specialties, Inc.***, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (internal citation omitted).

Plaintiffs' response to Defendants' motion does not even reference the confidentiality objections. Plaintiffs' protestations were, therefore, nothing more than mere conclusory objections that fail to specifically demonstrate how Plaintiff's requests were improper. *See* ***Teichgraeber v. Memorial Union Corp. of Emporia State Univ***., 932 F.Supp. 1263, 1266 (D.Kan. 1996) (internal citation omitted). If Plaintiff has genuine concerns about the issue of confidentiality, those concerns can be addressed by an appropriate protective order.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (Doc. 35) is **GRANTED**. Plaintiffs shall respond to Interrogatories Nos. 10 and 11 and Requests for Production Nos. 3 and 4 of Defendants' First Combined Interrogatories and Requests for Production of Documents to Plaintiff, on or before **June 14, 2010**.

Dated at Wichita, Kansas, on this 8th day of June, 2010.

                                            s/   DONALD W. BOSTWICK
                                            DONALD W. BOSTWICK
                                            United States Magistrate Judge