IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID DRESSLER, individually  )
and on behalf of similarly situated  )
individuals,  )
 )
               Plaintiff,  )
 )   Civil Action No. 09-1016-MLB
   v.  )
KANSAS COPTERS AND WINGS,  )
INC., et al.,  )
 )
             Defendants.  )
_____ )

## REPORT & RECOMMENDATION ON
## PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

This matter comes before the Court on Plaintiff's Application for Attorney Fees (Doc. 67). As discussed below, an award of attorneys fees to a prevailing plaintiff in an FLSA action is mandatory. The only issues before the Court relate to the categories and amounts of attorneys fees to be awarded. Thus, this Court **recommends** that Plaintiff's application be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The facts and history of this case have been thoroughly summarized in the Memorandum Decision, which was issued by the District Court following its bench trial. (*See* Doc. 61, at 1-4.) Therein, the District Court found that Defendants were

liable to Plaintiff for compensatory damages under the Fair Labor Standards Act ("FLSA") in the amount of $365.56, plus an additional, amount for "reasonable attorney's fees," which the District Court did not calculate. (Doc. 61, at 16.) Thereafter, Defendants moved to alter the judgment, arguing that the District Court erred in finding the parties had not agreed to a sixty hour work week and by applying 29 C. F.R. § 778.114 when determining the number of hours in Plaintiff's work week. (*See generally*, Doc. 62.) The District Court denied this motion. (Doc. 66.) The District Court also entered an Order referring Plaintiff's motion for attorneys fees to the undersigned Magistrate. (Doc. 70.)

## DISCUSSION

The award of attorneys fees and costs to a prevailing party in an FLSA action is mandatory. ***McKenzie v. City of Ottawa***, Civ. No. 87-2153-O, 1989 WL 45392, *1 (D. Kan. April 24, 1989) (citing ***Wright v. U-Let-Us Skycap Services, Inc.***, 648 1216, 1218 (D. Colo. 1986). "For purposes of attorneys' fees, plaintiff is considered a 'prevailing party' if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing suit." ***Wilhelm v. TLC Lawn Care, Inc.***, No. 07-2465-KHV, 2009 WL 57133, at *1 (D. Kan. Jan. 8, 2009) (citing ***Jackson v. Austin***, 267 F.2d 1059, 1063 (D.Kan.2003)).

Even though the attorney fee award is mandatory for the prevailing party, the amount awarded is to be "reasonable." 29 U.S.C. § 216(b). Further, the

calculation of that amount is within the sound discretion of the trial court. ***Conklin v. Joseph C. Hofgesang Sand Co., Inc*.**, 565 F.2d 405 (6th Cir. 1977). The court's discretion on this issue is quite broad. ***Gary v. Health Care Serv., Inc*.**, 744 F.Supp. 277 (M.D. Ga. 1990).

Case law provides certain parameters to determine what constitutes "reasonable."

> To calculate reasonable attorney's fees, the district court multiplies the number of hours worked by the hourly rate. Both hours and rate must be reasonable, and the court should consider only the hours spent on the successful claims. ***Hensley v. Eckerhart***, 461 U.S. 424, 433-34, 440, 103 S.Ct. 1933, 1939, 1943, 76 L.Ed.2d 40 (1983). After calculating the basic fee, the district court can adjust the amount upward or downward to account for the well-established Johnson factors. ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714, 717-19 (5th Cir.1974).[1]

***Purcell v. Seguin State Bank and Trust Co.***, 999 F.2d 950, 961 (5th Cir. 1993). These factors are 1) the time and labor required; 2) the novelty and difficulty of the questions presented; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations

---

[1] It should be noted that ***Johnson*** was an employment discrimination case and was not brought under the FLSA. Even so, the 10th Circuit applies these factors to adjust the lodestar amount in FLSA cases. ***Gardner v. Sprint/United Mgmt Co***., 2009 WL 1917408, at *3 (D. Kan. 2009)

imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson*, 488 F.2d at 717-719.  Plaintiff "bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Wilhelm*, No. 07-2465-KHV, 2009 WL 57133, at *1 (D. Kan. Jan. 8, 2009) (citations omitted).

Although Defendants do not agree with the District Court's decision, it is uncontroverted that, based on that opinion, Plaintiff is the prevailing party as to his FLSA claim.  Plaintiff's counsel have submitted their fee statements (Docs. 67-1, 67-2), totaling $27,567.01 (in relation to $364.56 in compensatory damages awarded to Plaintiff).  Defendants object to Plaintiff's application, arguing that it "shows that this lawsuit was brought, not to provide Dressler with any meaningful compensation, but to leverage an attorney fee award wholly disproportionate to any available damages."  (Doc. 68, at 2.)  Defendants also argue that Plaintiff's attorney fees are inflated because Plaintiff's counsel refused "to consider the merits of this case during settlement" discussions following the District Court's Order denying Defendants' motion for to dismiss.  (*Id*., at 3; *see also* Doc. 26.)  According to Defendant, the continuing litigation resulted in "additional, unnecessary court proceedings to resolve discovery issues and determination of the

final Pretrial Order." (*Id*., at 3-4.)

Defendant also felt Plaintiff's use of two attorneys unreasonably inflated his legal fees and objected to the "disparity in hourly rates" charged by Plaintiff's attorneys. (*Id*., at 4-5, 7.) Even making the substantive "adjustments" Defendants feel appropriate, they still contend Plaintiff's attorneys fees are "unreasonable in relation to the results Dressler obtained at trial, undoubtedly because the time billed exceeds that required to accomplish the essential legal tasks." (*Id*., at 7.)

Plaintiff replies that the purpose of the case was not to generate attorney fees. (Doc. 69, at 1.) As evidence of this, Plaintiff states that he made a settlement offer of $1,250.00 early in the case, which would have resolved the matter – including any claim for attorneys fees – but was rejected by Defendants. (*Id*.) Plaintiff also contends Defendants refused to consider the issue of attorneys fees during mediation. (*Id*., at 2.) Finally, Plaintiff asserts that his use of two attorneys did not result in counsel double-billing for their time. (*Id*.)

The Court rejects Defendants' arguments regarding the relevance of settlement negotiations. Rather, the Court finds that Plaintiff is entitled to litigate his claims and, as a prevailing FLSA claimant, is entitled to attorneys fees. The Court is not interested in whose "fault" it was that the case proceeded to trial. The Court is equally unpersuaded by Defendants' arguments regarding Plaintiff employing the services of two attorneys and their differing hourly rates. To the

contrary, the case benefitted from Plaintiff having two attorneys and found that their communications were necessary. The Court takes judicial notice of the fact that the hourly rates charged by Plaintiff's counsel are within the standard range for attorneys with their experience and in their area of expertise. The Court is not persuaded by Defendants's argument that Plaintiff's time drafting jury instructions should be eliminated because the parties ultimately agreed to a bench trial.

When asked by the Court, Defendant was unable to identify any case law that was precisely on-point for the proposition that the amount of a plaintiff's recovery is relevant, or should be proportionate, to a determination of reasonable attorneys fees. Even so, Defendant argued that a "common sense" approach mandates that the fees in this case are not reasonable given their "disproportionate" nature compared to the damage award. Again, the Court is not persuaded by this argument, finding it has no legal basis.

Considering the above, the Court finds the following entries in the fee statements should be reduced and/or eliminated:

12/18/09    (Smith) eliminating entry of 1.1 hours relating to motions for class certification;

12/18/09:   (Cassell) Plaintiff's counsel agrees that the entry should be reduced from 9.1 hours to 2.1 hours because the potential opt-ins were unsuccessful; and

1/12/10:    (Cassell) reducing entry by .2 hours relating to opt-in consent.

Defendants also correctly point out that Plaintiff has inaccurately calculated attorney Smith's billable hours as 67.2, when in fact the fee statement equates to 64.7 billable hours. Therefore, Smiths' total billable hours will be reduced accordingly by an additional 2.5 hours. With these deductions, Plaintiff's remaining attorneys fees and expenses are as follows:

  Cassell: 7.2 hours @ $210/hr  =  reduction of $1,512 =  $ 14,295.01

  Smith:  1.1 hours @ $175/hr  =  reduction of $192.50

      2.5 hours @ 175/hr   =  reduction of $437.50  =  $ 11,130.00

                 Total:  $ 25,425.01

This reduction does not, however, take into consideration the time Plaintiff's counsel billed relating to the unsuccessful claim under the Kansas Wage Payment Act, K.S.A. 44-312, *et seq.* ("KWPA"). The Plaintiff also did not prvail on his FLSA liquidated damages claim. The Court finds it relevant to compare the claims asserted (and the corollary attorneys fees) versus the claims that prevailed because Plaintiff should not recover for attorneys' fees expended on his unsuccessful claims. Unfortunately, Plaintiff's attorneys fee statements submitted to the Court are not specifically worded or itemized to differentiate between work relating to the FLSA claim as opposed to work relating to the KWPA claim, and some work was applicable to both claims. Considering the FLSA claim was the main focus of this lawsuit, the Court finds it reasonable to reduce Plaintiff's remaining attorneys

fees and expenses by 1/3 as an adjustment for "results obtained." Thus, the Court hereby **recommends** Plaintiff be awarded attorneys fees and expenses in the amount of **$16,950.01** ($25,425.01 ÷ 1/3 = $16,950.01).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Application for Attorney Fees (Doc. 67) be **GRANTED in part** and **DENIED in part** as more fully set forth above.

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 22nd day of December, 2010.

    S/Kenneth G. Gale
    KENNETH G. GALE
    United States Magistrate Judge