**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

DAVID DRESSLER,                       )
                                      )
            Plaintiff,                )   **CIVIL ACTION**
                                      )
v.                                    )   No. 09-1016-MLB
                                      )
KANSAS COPTERS AND WINGS, INC.,       )
et al.,                               )
                                      )
            Defendants.               )
_____)

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Before the court are the following:

(1)     United States Magistrate Judge Kenneth G. Gale's Recommendation and Report (Doc. 73);

(2)     Defendants' objections (Doc. 74); and

(3)     Plaintiff's response (Doc. 75).

Magistrate Kenneth Gale's December 22, 2010, Recommendation and Report (R and R) recommends that plaintiff be awarded attorneys' fees and expenses in the amount of $16,950.01. Defendant objects to the amount awarded by the magistrate.

**II.  Standards**

The standards this court must employ upon review of defendants' objection to the Recommendation and Report are clear. See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. First, only those portions of the Recommendation and Report defendant specifically identified as

objectionable will be reviewed.[1]  See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is de novo.  Thus, the Recommendation and Report is given no presumptive weight.  See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**III. Analysis[2]**

On August 10, 2010, this court entered a memorandum decision finding defendants' liable to plaintiff for unpaid overtime in violation of the Fair Labor Standards Act (FLSA).  (Doc. 61).  The court denied plaintiff's claim under the Kansas Wage Payment Act (KWPA) to recover a sum that was withheld from plaintiff's final check.  The court ordered defendants to pay plaintiff's counsel reasonable attorneys' fees.  After the parties could not agree on the attorneys' fees, plaintiff filed a motion and the court referred the issue to the magistrate.  (Doc. 70).  Magistrate Kenneth Gale held a hearing on October 19, 2010 and subsequently issued his report which recommended plaintiff's attorneys recover fees and expenses in the amount of $16,950.01.  (Doc. 73).

Defendants' main objection is that the magistrate's award of fees was not reasonable.  Defendants argue that the magistrate "deviated" from the standards set forth in case law and failed to strike hours that did not specifically state the time spent on the FLSA and KWPA

---

[1] Defendants' general statement referencing their previous objections to plaintiff's motion for fees is not sufficient for review.  (Doc. 74 at 1).  The court will not address arguments rejected by the magistrate unless they were specifically objected to.

[2] The facts of this case are set forth in this court's memorandum decision and will not be repeated here.  (Doc. 61).

-2-

claims. Finally, defendants argue that the award should be $4,594.33 or $4,237.35 because that is 17% of the amount of fees requested. Defendants arrive at this number because plaintiff was ultimately awarded 17% of the amount of damages sought in the pretrial order. Defendants' theory of damages is derived from <u>Saizan v. Delta Concrete Products Co., Inc.</u>, 448 F.3d 795 (5th Cir. 2006).

In order to obtain attorney's fees, "a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" <u>Flitton v. Primary Residential Mortg., Inc.</u>, 614 F.3d 1173, 1176 (10th Cir. 2010)(citing <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1280 (10th Cir. 1998)).[3] Defendants concede that plaintiff is a prevailing party but object to the fees requested. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

The magistrate determined that plaintiff's counsel, collectively, expended 134.7 hours but reduced the amount to 121.4 hours. Defendants do not object to the magistrate's reduction of hours. The magistrate then determined that the amount of fees and costs totaled $25,425.01.[4] At this point, the magistrate discussed a reduction of

---

[3] <u>Flitton</u> was a civil rights case but the Tenth Circuit has previously instructed district courts to use the same standard in FLSA cases. See <u>Lamon v. City of Shawnee, Kan.</u>, 972 F.2d 1145, 1159 (10th Cir. 1992).

[4] In defendants' objection, they do not argue that the hourly rate of the attorney's fees found by the magistrate was unreasonable.

the attorneys' fees in light of the fact that plaintiff did not prevail on one of his claims. See Flitton, 614 F.3d at 1176 ("This calculation, however, does not end the district court's inquiry when, as in this case, the prevailing party succeeds on only some of [his] claims.")

In cases in which a plaintiff is not successful on all claims, the court is instructed to consider the following two additional questions: "(1) whether the plaintiff's successful and unsuccessful claims were related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel." Id. at 1177. Both claims presented by plaintiff sought payment of wages he had earned. The FLSA claim required counsel to prove the amount of hours plaintiff worked over a period of time and the KWPA claim required plaintiff to prove that the amount withheld in his final check was in fact wages earned. While both claims concerned wages due to plaintiff, they were somewhat different. The evidence required to prove the claims did, at times, overlap. For example, both parties heavily relied on plaintiff's employment contract as evidence. The employment contract discussed plaintiff's wages and hours and also discussed defendants' right to withhold wages from plaintiff's check. The legal arguments surrounding both claims, however, were different. Therefore, the court finds that the claims were somewhat related.

The second question requires the court to view plaintiff's overall level of success. "Although there is no precise rule or formula for assessing the plaintiff's degree of success, a reduced fee award is appropriate if the relief, however significant, is limited

in comparison to the scope of the litigation as a whole." Flitton, 614 F.3d at 1176 (internal citations omitted). The court believes that overall plaintiff was successful. Plaintiff was able to recover all of his overtime pay that he sought. Also, the time spent during trial was heavily focused on the nature of plaintiff's position and the hours he worked. The testimony and evidence regarding the wages withheld was minimal in comparison to the evidence pertaining to the FLSA claim.

Moreover, the court does not find that it is necessary to discount the time billed by plaintiff's counsel because the records do not specifically set forth the hours billed for each particular claim. Based on a review of the time records, it appears that the time billed includes research, motion practice, trial preparation and meeting with clients. The court believes that it would be difficult to distinguish the time spent on plaintiff's different claims and finds that counsel's itemized records are sufficient. Id. at 1177 (citing Hensley, 461 U.S. at 435, 103 S. Ct. 1933 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.")).

Finally, defendants argue that plaintiff's fees should be further reduced based on the large difference between plaintiff's award and the amount of fees by using a mathematical approach discussed in Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795 (5th Cir. 2006). Saizan, however clearly held that "there is no per se proportionality rule" and that the district court had "ample reason to reduce the fee award" by relying on other factors than the

proportionate amount recovered in comparison with the original amount sought. 448 F.3d at 802-03. Most importantly, the Tenth Circuit has held that a mathematical approach is not appropriate in calculating an award.

In Flitton, the plaintiff was awarded only $354,703.05 in damages out of the $27,902,065.58 she originally sought. 614 F.3d at 1178. The defendant argued that the plaintiff's award should be reduced by using a mechanical approach. The Tenth Circuit disagreed. "We have rejected the mechanical approach to assessing a plaintiff's degree of overall success that [defendant] endorses. In Jane L. [v. Bangerter, 61 F.3d 1505 (10th Cir. 1995)], we reversed a district court's decision to reduce the lodestar by seventy-five percent based on the plaintiff's success on only two out of eight claims." Flitton, 614 F.3d at 1177 (citing Hensley, 461 U.S. at 435 n. 11, 103 S. Ct. 1933 ("We agree with the District Court's rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.")) Therefore, defendants' contention that the award of fees should be reduced to 17% based on plaintiff's total recovery versus the amount sought in his pleadings is not supported by Tenth Circuit authority.

After considering the questions required by the circuit and reviewing the time logs submitted by plaintiff's counsel, the court finds that the time billed was reasonable but that a reduction of the fees by one-third, as determined by the magistrate, is appropriate in

light of plaintiff's recovery in this case.[5]

### III. CONCLUSION

The court adopts the Recommendation and Report for the reasons set forth therein. Defendant is ordered to pay plaintiff attorneys' fees and expenses in the amount of $16,950.01.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __16th__ day of February 2011, at Wichita, Kansas.

---

[5] Plaintiff's counsel points out to the court that they had already reduced their fees by extracting the time spent on the KWPA claim. (Doc. 75 at 1-2). Plaintiff's counsel did state this in the motion for fees (Doc. 67 at 1-2), however plaintiff did not object to this ruling by the magistrate and therefore the reasonableness of the ultimate award of attorneys' fees is what is before the court.

s/ Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE